23-7571-cv
In re Eastman Kodak Co. Derivative Litigation



# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand twenty-four.

PRESENT:

> BETH ROBINSON,
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> > *Circuit Judges.*

---

LOUIS PETERS and HERBERT SILVERBERG, derivatively on behalf of Nominal Defendant Eastman Kodak Company,

> *Plaintiff-Appellants,*

v.   No. 23-7571-cv

EASTMAN KODAK COMPANY,

> *Nominal Defendant-Appellee,*

JAMES V. CONTINENZA, DAVID E. BULLWINKLE, ROGER W. BYRD, RICHARD TODD BRADLEY, GEORGE KARFUNKEL, PHILLIPE D. KATZ,

MANDATE ISSUED ON 01/08/2025

JASON NEW, and RANDY VANDAGRIFF,

   *Defendants.* *

| | |
|---|---|
| FOR APPELLANTS: | LEE D. RUDY, Kessler Topaz Meltzer & Check, LLP, Radnor, PA (Eric L. Zagar, Kessler Topaz Meltzer & Check, LLP, Radnor, PA; Hadley E. Lundback, Faraci Lange, LLP, Rochester, NY, *on the brief*). |
| FOR APPELLEE: | KRISTEN E. LOVELAND, Akin Gump Strauss Hauer & Feld LLP, Washington, DC (Pratik A. Shah, Akin Gump Strauss Hauer & Feld LLP, Washington, DC; Carolyn G. Nussbaum, Nixon Peabody LLP, Rochester, NY; David M. Zensky, Stephanie Lindemuth, Akin Gump Strauss Hauer & Feld LLP, New York, NY, *on the brief*). |

Appeal from a judgment of the United States District Court for the Western District of New York (Wolford, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on September 26, 2023, is **AFFIRMED**.

Plaintiff-Appellants Louis Peters and Herbert Silverberg ("Plaintiffs") appeal the district court's dismissal of their shareholder derivative action against

---

* The Clerk is respectfully instructed to amend the caption as set forth above.

2

nominal defendant Eastman Kodak Company ("Kodak"), a New Jersey corporation. Plaintiffs seek to prosecute claims on behalf of Kodak against certain Kodak officers and directors, who allegedly enriched themselves at Kodak's expense through a series of stock transactions. The district court dismissed Plaintiffs' action on the company's motion pursuant to the New Jersey Business Corporations Act ("NJBCA"), N.J. Stat. Ann. § 14A:3-6.5, which directs a court to dismiss derivative claims brought on behalf of a corporation if the court finds that independent directors of the corporation made a reasonable, good-faith determination that pursuing those claims would not be in the corporation's best interests. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

I.  BACKGROUND

Kodak, once a household name in the film photography industry, has struggled financially since the late 2000s.[1] When the COVID-19 pandemic in 2020 caused drug shortages, Kodak saw an opportunity to expand its core

---

[1] We derive the factual background from the Plaintiffs' operative complaint, App'x 266, and from the Special Committee Report, *id.* at 368.

3

business by producing some of the chemical compounds required to manufacture pharmaceuticals.

Kodak contacted United States government agencies responsible for investing in countermeasures to diagnose, treat, and protect against COVID-19. By June 2020, Kodak was talking with individuals in the White House and the United States International Development Finance Corporation (the "DFC") about a nine-figure loan that would enable Kodak to scale up its chemical manufacturing operations and comply with regulations for pharmaceutical ingredient production. On June 26, 2020, Kodak finalized its application for a $765 million loan from the DFC. On July 22, 2020, Kodak received informal confirmation that it would be awarded the DFC loan, which would be announced to the public the next week on July 28, 2020.

Kodak's efforts to get the DFC loan and expand its presence in the pharmaceutical supply chain, nicknamed "Project Tiger," were kept strictly confidential. Several defendants in this litigation—including Kodak Executive Chairman and Chief Executive Officer James V. Continenza, Chief Financial Officer David E. Bullwinkle, and General Counsel Roger Byrd—were members of Kodak's Project Tiger team.

4

Two stock transactions during June and July 2020 are at the heart of this litigation.  First, on June 23, 2020, Continenza exercised options to purchase a sizeable amount of Kodak stock at an average price of $2.22 per share.  The parties sharply dispute whether Continenza cleared the June 23 stock purchases in accordance with Kodak's insider trading policies.  Second, on July 27, 2020, Continenza and Byrd convened Kodak's board of directors, which voted to award several million stock options to Continenza, Byrd, Bullwinkle, and Senior Vice President Randy Vandagriff (another defendant in this action),[2] at strike prices as low as $3.03.  At the close of trading on July 27, Kodak's stock price was $2.62 per share.

The next day, July 28, 2020, Kodak and the DFC formally announced their intent to enter into a partnership.  At the close of trading that day, Kodak's stock price was $7.94 per share.  On July 29, 2020, Kodak's stock price peaked above $60 per share and closed at $33.20 per share.

Also on July 29, Continenza, Byrd, Bullwinkle, and Vandagriff disclosed their July 27 stock options to the U.S. Securities and Exchange Commission.

---

[2] The other defendants in this action—Philippe D. Katz, Todd Bradley, and Jason New—were members of the board committee that approved these options.

5

These public disclosures raised the specter that Continenza, Byrd, Bullwinkle, and Vandagriff had transacted in Kodak stock while in possession of material non-public information concerning the DFC loan, attracting scrutiny from government regulators, Congress, and the media.  At the close of trading on August 3, 2020, Kodak's stock price retreated to $14.94 per share.  On August 7, 2020, citing "[r]ecent allegations of wrongdoing" that raised "serious concerns," the DFC announced it would not "proceed any further" with the loan to Kodak "unless these allegations are cleared."[3]  App'x 313.

On August 6, 2020, amid public scrutiny, Kodak's board of directors convened a Special Committee—consisting of Defendant Jason New and non-party Kodak director William Parrett—to investigate Continenza's June 23 stock trades and the July 27 stock option awards.  The Special Committee retained Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") to carry out the investigation.  In the district court and here, the parties disagree on whether Akin Gump could have acted as an impartial investigator in this matter.  Akin Gump had previously represented several Continenza-affiliated companies and

---

[3] In quotations from caselaw, record documents, and the parties' briefing, this summary order omits all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

6

was alleged to have represented Continenza in a personal capacity at least once. Regardless, the Special Committee ultimately issued a report adopting Akin Gump's conclusions that Kodak's officers and directors committed no wrongdoing in connection with either the June 23 trades or the July 27 stock option awards.

In the meantime, Peters and Silverberg sent their respective shareholder litigation demands to Kodak's board on August 13 and August 24, 2020, as is required before bringing derivative litigation on behalf of the corporation. *See* N.J. Stat. Ann. § 14A:3-6.3; *see also* Fed. R. Civ. P. 23.1. Their demands were later rejected by the Kodak board of directors.

On May 19, 2021, Peters filed a putative shareholder derivative action in New York state court. That action has since been stayed. On September 2, 2021, Silverberg filed a putative shareholder derivative action in federal court, asserting on behalf of Kodak claims of federal securities fraud, breach of fiduciary duty, and unjust enrichment against the Defendants. Peters filed a similar action in federal court on October 4, 2021. Both actions in the federal district court were consolidated before Chief Judge Wolford under the caption *In re Eastman Kodak Company Derivative Litigation*.

7

In the meantime, on September 17, 2021, the Kodak board of directors convened a second committee (the "Second Committee") in part to evaluate Akin Gump's conclusions and allegations of a conflict that would have compromised the integrity of Akin Gump's investigation. The Second Committee—consisting of Defendant New, non-party Kodak director Darren Richman, and non-party Kodak director Michael E. Sileck, retained Crowell & Moring LLP ("Crowell") to conduct an investigation and analysis of Akin Gump's work. The Second Committee adopted Crowell's conclusions that Akin Gump was not fatally conflicted during its investigation, and that Akin Gump was correct that no wrongdoing occurred at Kodak.

After limited discovery, Kodak moved for dismissal—or, in the alternative, summary judgment—pursuant to NJBCA § 14A:3-6.5, a provision of New Jersey law that allows for Kodak to assert control over derivative litigation purportedly brought for its own benefit. In ruling on Kodak's motion, the district court explained the structure of the NJBCA, which provides that a corporation's board of directors may determine whether maintenance of a derivative proceeding would be in the corporation's best interest. *In re Eastman Kodak Co. Derivative Litig.*, 694 F. Supp. 3d 280, 293 (W.D.N.Y. 2023). The corporation may delegate

8

that authority to a "committee consisting of one or more independent directors appointed by majority vote of independent directors." N.J. Stat. Ann. § 14A:3-6.5(2)(b)). If "the court finds" that a committee meeting the independence requirements of § 14A:3-6.5(2)(b) has determined "in good faith, after conducting a reasonable inquiry upon which its conclusions are based," that derivative litigation would not be in the best interests of the corporation, then the derivative suit "shall be dismissed." *Id.* § 14A3-6.5(1)(a); *see In re Eastman Kodak Co. Derivative Litig.*, 694 F. Supp. 3d at 295.

A finding pursuant to § 14A3-6.5(1)(a) must be requested by the corporation's "written filing with the court setting forth . . . facts to show" independence, good-faith, and reasonableness. N.J. Stat. Ann. § 14A:3-6.5(5)(a). Derivative shareholder plaintiffs may avoid dismissal under these provisions of New Jersey law if they make their own responsive written filing "alleg[ing] with particularity facts rebutting the facts contained in the corporation's filing."[4] *Id.* § 14A:3-6.5(5)(b)(ii); *see In re Eastman Kodak Co. Derivative Litig.*, 694 F. Supp. 3d at 293.

---

[4] Additional intricacies of the NJBCA were relevant to the parties below but are not relevant on appeal.

9

Interpreting the NJBCA and our decision in *Halebian v. Berv*, 644 F.3d 122 (2d Cir. 2011), which examined a similar Massachusetts statute, the district court concluded that while Federal Rule of Civil Procedure 56 "provides the procedural vehicle by which [Kodak's] motion has come before the Court, the Court is empowered to make findings with respect to whether [Kodak's] decision not to pursue the claims set forth in this matter was made in good faith and after conducting a reasonable inquiry." *In re Eastman Kodak Co. Derivative Litig.*, 694 F. Supp. 3d at 295. Based on the parties' respective submissions, the district court found that the Special Committee made its decision to reject Plaintiffs' shareholder demands reasonably and in good faith. To reach that conclusion, the district court resolved factual disputes in the record and concluded that Akin Gump did not carry a disabling conflict into its investigation of Kodak and that any factual errors in Akin Gump's report did not rise to a level that would render the Special Committee's determination unreasonable under New Jersey law. This appeal followed.

## II. DISCUSSION

Plaintiffs' principal argument on appeal is that, although the district court correctly ruled that Rule 56 governs Kodak's motion, it ignored settled Rule 56

10

standards by failing to draw all inferences in Plaintiffs' favor and instead resolved the parties' factual disputes by making factual findings based on the summary-judgment record. *See* Appellants' Br. 32-35. Plaintiffs contend that, under this Court's decision in *Halebian*, they met their burden to survive summary judgment because they "pled sufficient facts to create a genuine issue" as to Akin Gump's purported conflict of interest and the reasonableness of Kodak's reliance on Akin Gump's investigation. *Id.* at 35; *see also id.* at 45.

Here, our analysis begins and ends with the fact that Plaintiffs have waived any challenge to the district court's procedure by repeatedly inviting the district court to evaluate the record and make factual findings on the critical question in the face of the district court's direct questions squarely addressing the issue.

In particular, at oral argument, in response to Kodak's assertion that any disputed issue of material fact as to the independence of the Special Committee would have to be resolved at trial, Plaintiffs' counsel disagreed. He explained that the NJBCA "explicitly requires a finding of facts by the Court," and that Rule 56 "is the closest analog in the Federal Rules to the procedure the Court would have to follow." App'x 588. Later, the district court followed up:

11

> THE COURT: So when you're saying I should deny the motion [to dismiss under the NJBCA], what you really mean, I would be making factual findings that the Plaintiffs have proven what they have to prove under the terms of the statute, right?
>
> PLAINTIFFS' COUNSEL: Essentially, yes . . . . So the Defendants have put in evidence, we have responded to that evidence. And the statute requires the Court to make a finding based on the evidence that is currently before the Court. And I don't think any further evidence could or should or will come in as to those issues.

*Id.* at 590-91; *see also id.* at 638-39 *(*The Court: "[Y]ou all seem to agree that the record is complete in this regard for the Court to make factual determinations about this?" Plaintiffs' Counsel: "Correct."); *id.* 639 (The Court: "[I]f . . . I agree with you, then I would need to make a determination as to whether or not . . . Akin Gump was fatally conflicted as you said." Plaintiffs' Counsel: "That's exactly right, your Honor."); *id.* at 642 (The Court: "But you agree with me I could make a determination one way or the other based on the record as it stands." Plaintiffs' Counsel: "I do.").

By inviting the district court to make factual determinations on the corporation's motion in the face of disputed facts, Plaintiffs have waived their right to argue on appeal that the district court erred by doing so. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 124 n.29 (2d Cir. 2005) (noting clear

12

Circuit law that where a party shifts positions on appeal and "advances arguments available but not pressed below," then "waiver will bar raising the issue on appeal") (superseded on other grounds by Fed. R. Civ. P. 23(e)(2), *see Moses v. New York Times Co.*, 79 F.4th 235, 243 (2d Cir. 2023)). Because Plaintiffs did not argue that the district court's factual findings were clearly erroneous, our conclusion that Plaintiffs have waived the central argument in their appeal resolves all of Plaintiffs' arguments.

\* \* \*

Accordingly, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

13